**ON REHEARING**
UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 04-4018**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

TIMOTHY LLOYD JEFFERS,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham. William L. Osteen, District Judge. (CR-03-209)

Submitted: May 18, 2005          Decided: July 28, 2005

Before WIDENER, GREGORY, and DUNCAN, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Lisa S. Costner, LISA S. COSTNER, P.A., Winston-Salem, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, L. Patrick Auld, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Timothy Lloyd Jeffers petitions this Court for rehearing of his earlier appeal. In light of United States v. Booker, 125 S. Ct. 738 (2005), and United States v. Hughes, 401 F.3d 540 (4th Cir. 2005), we grant the petition for rehearing and find that the district court plainly erred in imposing a sentence that exceeded the maximum allowed based on facts established by Jeffers' guilty plea.

In United States v. Booker, 125 S. Ct. 738 (2005), the Supreme Court held that Blakely v. Washington, 124 S. Ct. 2531 (2004), applies to the federal sentencing guidelines and that the mandatory guidelines scheme which provides for sentence enhancements based on facts found by the court violated the Sixth Amendment; the Court remedied the constitutional violation by severing and excising the statutory provisions that mandate sentencing and appellate review under the guidelines, thus making the guidelines advisory. 125 S. Ct. at 746-48, 755-56 (Stevens, J.), 756-57 (Breyer, J.). Subsequently, in United States v. Hughes, 401 F.3d 540 (4th Cir. 2005), this court held that a sentence that is enhanced based on facts found by the court, not by a jury (or, in a guilty plea case, admitted by the defendant), violates the Sixth Amendment and constitutes plain error that affects the defendant's substantial rights and warrants reversal under Booker when the record does not disclose what discretionary

- 2 -

sentence the district court would have imposed under an advisory guideline scheme. Hughes, 401 F.3d at 545-56 (citing United States v. Olano, 507 U.S. 725, 731-32 (1993)).

Jeffers' case involves a Sixth Amendment violation, and is therefore analyzed under Hughes. Jeffers' base offense level was 6. USSG § 2B1.1. He received enhancements of fourteen levels based on the district court's findings that he was responsible for a loss of $320,164 and abused a position of trust. The information and factual basis for his guilty plea established only a loss of $105,164. Without the enhancements, Jeffers' offense level would have been 6, further reduced to 4 by the adjustment for acceptance of responsibility, and his guideline range would have been 0-6 months rather than 24-30 months.[1] Thus, the maximum sentence authorized by the facts Jeffers admitted pursuant to his guilty plea was six months. Hughes, 401 F.3d at 547. Because Jeffers' twenty-four-month sentence was longer as a result of the Sixth Amendment violation, his substantial rights were affected. Id. at 548-49. Because, as in Hughes, the district court did not indicate what sentence it would impose under an advisory guideline scheme, we exercise our discretion to notice the error.[2]

---

[1]Even if Jeffers had not received an adjustment for acceptance of responsibility, his guideline range would have remained 0-6 months. USSG § 5A (Sentencing Table).

[2]Just as we noted in Hughes, "[w]e of course offer no
(continued...)

- 3 -

We therefore vacate the sentence and remand for proceedings consistent with Booker and Hughes.[3] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED

---

[2](...continued)
criticism of the district court judge, who followed the law and procedure in effect at the time" of Jeffers' sentencing. Hughes, 401 F.3d at 545 n.4. See generally Johnson v. United States, 520 U.S. 461, 468 (1997) (stating that an error is "plain" if "the law at the time of trial was settled and clearly contrary to the law at the time of appeal).

[3]Although the Sentencing Guidelines are no longer mandatory, Booker makes clear that a sentencing court must still "consult [the] Guidelines and take them into account when sentencing." 125 S. Ct. at 767. On remand, the district court should first determine the appropriate sentencing range under the Guidelines, making all factual findings appropriate for that determination. Hughes, 401 F.3d at 546. The court should consider this sentencing range along with the other factors described in 18 U.S.C. § 3553(a), and then impose a sentence. Id. If that sentence falls outside the Guidelines range, the court should explain its reasons for the departure as required by 18 U.S.C. § 3553(c)(2). Id. The sentence must be "within the statutorily prescribed range and . . . reasonable." Id.

- 4 -